IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUINCY BLAKELY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-2421-G-BK |
| | § | |
| STATE OF TEXAS, | § | |
| Defendants. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge.  On August 19, 2016, Plaintiff filed his *pro se Complaint*. Doc. 3.  Upon review, this case should be **DISMISSED** *sua sponte* for lack of jurisdiction.

## I.  BACKGROUND

This case stems from Plaintiff's pending state criminal prosecution for assault on a public servant.  Doc. 3 at 82.  A review of state court records reflects that a charge for that crime is presently pending against Plaintiff.  *See State v. Blakely*, No. F1518020 (Criminal Court 5, District Court, Dallas County), docket sheets available at http://courtecom.dallascounty.org/publicaccess/ (last accessed August 22, 2016).   Plaintiff is represented by counsel in that case and indicates that he is currently scheduled for jury trial on August 22, 2016.

From what the Court can glean from Plaintiff's complaint, he alleges that he was wrongfully arrested and charged in violation of his constitutional rights and is being denied the opportunity to represent himself in those proceedings.  Doc. 3 at 1-3.  He requests this Court to enjoin the state court prosecution of him by ordering that his state criminal case be removed to

federal court, or by remanding the state criminal case back to the state court with an order that the charges against him be immediately dismissed.  Doc. 3 at 21.

## II.  ANALYSIS

The Court must first examine the threshold question of whether it has subject matter jurisdiction in this case.  It is an issue of paramount concern that should be addressed, *sua sponte* if necessary, at any time throughout the proceedings.  *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (stating that a "federal court may raise subject matter jurisdiction *sua sponte.*"); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The *Younger* abstention doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions that are pending at the time a federal action is instituted.  *Younger v. Harris,* 401 U.S. 37, 41 (1971).  Here, Plaintiff seeks to enjoin pending state criminal proceedings against him, which "is precisely the crux of what *Younger* forbids a federal court to do."  *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam).

For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) there is an important state interest in the subject matter of the proceeding; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges.  *Wightman v. Texas Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996). Plaintiff's pending state criminal proceedings satisfy the requirements for abstention under *Younger*.  The criminal proceedings are ongoing, as noted above, and the state has an important interest in prosecuting state criminal violations.  *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th

Cir.1984) ("[t]he state has a strong interest in enforcing its criminal laws."); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir.1992) (explaining that "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff.").  Moreover, Plaintiff has a full opportunity to raise his constitutional challenges in the state trial court, where he is represented by counsel and his trial is currently scheduled.  Finally, this case does not fall within the very narrow category of "extraordinary" cases in which federal injunctive relief against a pending state prosecution would be warranted.  *See Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975).

### III.   CONCLUSION

For the reasons stated above, it is recommended that Plaintiff's claim seeking to enjoin his pending state criminal case be **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** on August 22, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE